**UNITED STATES of America ex rel. McKinley WILLIAMS, Petitioner-Appellant,**

v.

**Hon. Harold W. FOLLETTE, Warden of Green Haven State Prison, Stormville, New York, Respondent-Appellee.**

No. 1107, Docket 30964.

United States Court of Appeals, Second Circuit.

Argued Aug. 31, 1970.

Decided on Remand from the Supreme Court Dec. 10, 1971.

Lumbard, Circuit Judge, dissented and filed opinion.

Gretchen White Oberman, Anthony F. Marra, New York City, for petitioner-appellant.

Murray Sylvester, Asst. Atty. Gen., of N. Y., Louis J. Lefkowitz, Atty. Gen. and Samuel A. Hirshowitz, First Asst. Atty. Gen., for respondent-appellee.

Before LUMBARD, SMITH and ANDERSON, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

■ This case is before us on remand from the Supreme Court (McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).) for reassessment of other claims of the petitioner for *habeas corpus* in the light of the ruling that the claim that the plea of guilty rested on a coerced confession and was entered prior to Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) was insufficient in law.* On such reassessment, we adhere to the view that petitioner's allegations are adequate to require a hearing in the district court, and remand the case to the district court for the Southern District of New York for such a hearing.

■ In his petition, filed *pro se*, and the papers incorporated therein by reference Williams claims that he was absent from the state at the time of the crime and that counsel knew this, that counsel misled him into pleading guilty to a felony charge, misrepresenting that he was pleading to a misdemeanor and failing to explain the consequences of the plea. He explains the failure to provide a supporting affidavit by counsel by the fact that he has been unable to locate counsel (since disbarred). Williams was twenty years old at the time of plea. We think that there is enough in Williams' allegations of incompetence and misconduct of counsel quite apart from the Jackson v. Denno issue to require a hearing. Reversed and remanded.

LUMBARD, Circuit Judge (dissenting):

In my original dissent, 408 F.2d at 661, I noted that Williams' claim that he had alibi evidence which would have shown that he was out of state at the time of the crime, and that he advised his attorney of such an alibi, was unsupported by particulars and thus should not be entertained. I adhere to that view today.

In Williams' original *habeas-corpus* petition in the district court (which fol-

---

* Petitioner was discharged from custody July 24, 1970 after reduction of his sentence by six months by order of a state judge. Since this was his first felony conviction, however, the case is not moot.

lowed six *coram nobis* proceedings in the state courts), he included an affidavit and a memorandum of law. These papers amounted to more than ten pages of closely-spaced, typed, legal argument, and not once was Williams' alibi defense mentioned. In a footnote he noted that in 1962 he had moved in state court to reverse his conviction on the grounds that his attorney had advised him that the charge to which he was pleading guilty was a misdemeanor, when in fact it was a felony. This is the only reference possibly applicable to the issue of competency of counsel.

To his papers Williams affixed a brief filed on his behalf by the Legal Aid Society in the Appellate Division of the Supreme Court of New York, appealing from an order rendered July 21, 1964 denying Williams' motion for writ of error *coram nobis*. One of the arguments therein was that Williams was entitled to a hearing to determine the issue of inadequate counsel. As facts in support of this position, the brief set out the following:

> Appellant asserts he was not in the jurisdiction at the time of the alleged crime. As such, he could not be guilty of the crime charged; yet, knowing this fact counsel advised appellant to plead guilty and compounded this reprehensible act by advising appellant he was pleading to a misdemeanor.

I confess I do not quite comprehend the relevance of this argument made in a brief from a former action appended to a *habeas corpus* petition attacking a guilty plea through a challenge to an allegedly coerced confession. Even if the claim of incompetent counsel is somehow properly made, I nevertheless have no doubt whatsoever that it should be dismissed summarily. Williams does not tell us where he claims he was at the time of the crime: he alleges only that he was out of the state. Nor does he suggest what if any evidence there might be to support his alibi claim. He presents nothing but conclusory assertions that he had an alibi which his counsel ignored, and that his counsel misadvised him as to the degree of the crime to which he was pleading guilty. (Williams has had a long-standing familiarity with the courts: I find it unlikely in the extreme that, arrested for rape and robbery and entering a plea to second degree robbery, Williams was under the misapprehension that he was pleading to a misdemeanor.)

Many defendants subsequent to conviction harbor the opinion that their counsel was incompetent. The very least a federal court should require are specific factual allegations which show such egregious and inexcusable bad judgment and actions that there is reason to believe that counsel was so grossly incompetent as to deprive petitioner of that assistance for his defense which due process requires.